NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DINORAH ABREU, et al., | CIVIL ACTION NO. 17-3109 (JLL) |
| Plaintiffs, | **OPINION** |
| v. | |
| SIXTO OCHOA-SALAZAR, et al., | |
| Defendants. | |

**LINARES, District Judge**

**IT APPEARING THAT:**

1.  The plaintiffs, Dinorah Abreu and Anthony J. Uyemara, are tenants of an apartment (hereinafter, "the Apartment") owned by the defendants, Sixto Ochoa-Salazar and Jonathan H. San Martin. (See dkt. 1.)[1] Abreu and Uyemara allege in this action (hereinafter, "the Federal Action") that Ochoa-Salazar and San Martin are evicting them from the Apartment in violation of New Jersey state law and the Americans With Disabilities Act (hereinafter, "the ADA"). (Id.) However, Abreu and Uyemara have admitted in their complaint in the Federal Action that Ochoa-Salazar and San Martin bought an eviction action (hereinafter, "the Eviction Action") against them in state court, and that Ochoa-Salazar and San Martin "obtained a judgment of conviction against

---

[1] This Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

[them] for non-payment of rents." (Id. at 4.) See No. LT-16-11489 (N.J. Superior Court, Hudson County).[2]

**2.** Abreu and Uyemara have also filed a motion for a preliminary injunction in the Federal Action, wherein they seek to enjoin Ochoa-Salazar and San Martin from taking any further action to evict them. (See dkt. 2.)

**3.** Abreu and Uyemara are seeking to avoid the orders and judgments that have been issued in the Eviction Action by bringing the Federal Action. The proper way for Abreu and Uyemara to proceed would be to seek review and relief through the state motion process and state appellate process, and then to seek certiorari directly to the United States Supreme Court. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 414–16 (1923).

**4.** It is well-settled law that this Court is prohibited by the Rooker-Feldman doctrine from providing relief in the Federal Action that would effectively reverse the decisions, directly or indirectly invalidate the determinations, prevent the enforcement of the orders, or void the rulings issued by the state court in the Eviction Action. See Mestman v. Jones, No. 16-3770, 2016 WL 6892202, at *1–2 (3d Cir. Nov. 23, 2016) (affirming the district court's dismissal pursuant to the Rooker-Feldman doctrine of the tenant's civil rights claims brought against the landlord, because an ejectment order had

---

[2] Abreu and Uyemara failed to file with the complaint either: (a) a Civil Cover Sheet; or (b) a certification that states whether the claims in the Federal Action are the subject of any other action pending in any court, and that identifies the other action and all parties thereto. Thus, Abreu and Uyemara have violated the Local Civil Rules. See L.Civ.R. 5.1(e); L.Civ.R 11.2.

been issued against the tenant in state court); Bierley v. Abate, 661 Fed.Appx. 208, 209 (3d Cir. 2016) (affirming the district court's dismissal pursuant to the Rooker-Feldman doctrine of the tenant's civil rights claims brought against the landlord, because an eviction order had been issued against the tenant in state court), reh'g denied, No. 16-1458 (3d Cir. Dec. 2, 2016); Okpala v. Lucian, 645 Fed.Appx. 138, 140 (3d Cir. 2016) (affirming the district court's dismissal pursuant to the Rooker-Feldman doctrine of the tenant's claims brought against the landlord, because several decisions in the underlying state action had been issued); Middlebrook At Monmouth v. Liban, 419 Fed.Appx. 284, 284–86 (3d Cir. 2011) (affirming the district court's dismissal pursuant to the Rooker-Feldman doctrine of the tenant's claims brought against the landlord, because an eviction order had been issued against the tenant in state court), cert. denied, 565 U.S. 880 (2011), reh'g denied, 565 U.S. 1075 (2011); Newton v. Mizell, 346 Fed.Appx. 754, 755–56 (3d Cir. 2009) (affirming the district court's dismissal pursuant to the Rooker-Feldman doctrine of the tenants' civil rights claims brought against the landlord, because an eviction order had been issued against the tenants in state court); Pondexter v. Allegheny County Hous. Auth., 329 Fed.Appx. 347, 350 (3d Cir. 2009) (affirming the district court's dismissal pursuant to the Rooker-Feldman doctrine of the tenants' federal claims brought against the landlord, because an eviction judgment had been issued against them in state court); Ajjahnon v. New Jersey, 238 Fed.Appx. 769, 770 (3d Cir. 2007) (holding that the tenant's federal civil rights claims against the landlord were barred by the Rooker-Feldman doctrine, because judgments in the underlying state action had been

issued), cert. denied, 552 U.S. 872 (2007); see also Bakshi v. Bergen County Superior Court, No. 16-3015, 2017 WL 1407706, at *2 (3d Cir. Apr. 20, 2017) (holding that the Rooker-Feldman doctrine is properly applied to a federal action, even if that action includes a claim brought under the ADA).

5. In addition, it appears that this Court should abstain from exercising jurisdiction over the Federal Action pursuant to the Younger abstention doctrine, because (a) the Eviction Action may be ongoing, (b) important state interests are implicated in the Eviction Action, and (c) there is an adequate opportunity to raise federal claims and the related state claims in the state court. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43–54 (1971). This Court is barred from interfering with the Eviction Action if it is indeed ongoing.

6. Furthermore, it appears that this Court is barred from adjudicating any claims in the Federal Action that either have been or should have been adjudicated in the Eviction Action pursuant to the well-established doctrines of res judicata and collateral estoppel. See Okpala, 645 Fed.Appx. at 140 (holding that the tenant was barred by res judicata from bringing claims concerning his eviction in federal court against the landlord, because the tenant "is merely attempting to re-litigate issues that were already decided in state court"); Groves v. Wilson, 404 Fed.Appx. 705, 707 (3d Cir. 2010) (holding that the tenants were barred from bringing their claims concerning their eviction in federal court against their landlord, because "[w]hile the [tenants] cited several federal

statutes in their complaint, the facts they alleged demonstrated an intent to re-litigate the events leading up to and following their eviction"); Pondexter, 329 Fed.Appx. at 350–51 (holding that the tenants were barred by res judicata from bringing their federal and state claims against the landlord in a federal action, because the tenants could have raised those claims during the state eviction proceedings); Turner v. Crawford Square Apts. III, L.P., 449 F.3d 542, 548–51 (3d Cir. 2006) (holding that the tenant was barred by res judicata and collateral estoppel from bringing the federal claims against the landlords in a federal action, because the tenant could have raised those claims during the state eviction action).

7. A federal court is authorized to *sua sponte* dispose of a case based on res judicata and collateral, even though the filing fee has been paid, "when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.'" DeGrazia v. Fed. Bur. of Investigation, 316 Fed.Appx. 172, 173 (3d Cir. 2009) (quoting Hagans v. Lavine, 415 U.S. 528, 536–37 (1974)); see Itiowe v. The Trentonian, 620 Fed.Appx. 65, 67 n.2 (3d Cir. 2015) (dismissing an appeal pursuant to Hagans from a district court order that dismissed claims brought by a plaintiff who paid the district court's filing fee); 10-28-08 Order, Dubose v. Walsh, No. 07-045 (D. Del. Oct. 28, 2008) (adopting a Report and Recommendation, found at 2008 WL 4426090 (D. Del. Sept. 29, 2008), which applied Hagans where a fee-paying plaintiff brought an action against a sheriff and individuals connected to a lender to stop a foreclosure).

**8.** Abreu and Uyemara will thus be ordered to show cause why this Court should not refrain from exercising jurisdiction over the Federal Action.

**9.** This Court will also deny the pending motion for a preliminary injunction. In addressing the pending motion, this Court must consider: (a) the likelihood that Abreu and Uyemara will prevail on the merits in a final determination of the Federal Action; (b) the extent to which Abreu and Uyemara are being irreparably harmed by the defendants' conduct at issue; (c) the extent to which the defendants will suffer irreparable harm if the emergent relief is issued; and (d) the public interest. See Ellakkany v. Common Pleas Court of Montgomery County, 658 Fed.Appx. 25, 27 (3d Cir. 2016). Furthermore, an award of emergent relief is an extraordinary remedy that a district court can grant only in limited circumstances. See id.

**10.** As discussed above, it appears that the Rooker-Feldman doctrine, Younger abstention, res judicata, and collateral estoppel apply to the Federal Action. As it is unlikely that Abreu and Uyemara will be able to proceed in federal court, it is therefore unlikely that they will prevail on the merits in the Federal Action. Furthermore, Abreu and Uyemara have an adequate remedy at law in terms of the availability of compensation from monetary damages if they were to eventually prevail, and thus they will not be irreparably harmed if the allegedly improper conduct of Ochoa-Salazar and San Martin is not halted immediately. Because Abreu and Uyemara have failed to show that they are likely to succeed on the merits, and have failed to show that they will be

irreparably harmed, this Court need not address the other factors for an award of emergent relief. See Ellakkany, 2016 WL 4011145, at *3.

**11.** For good cause appearing, this Court will issue an order denying the motion filed by Abreu and Uyemara for a preliminary injunction, and a separate order concerning the burden of Abreu and Uyemara to show cause.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　JOSE L. LINARES
　　　　　　　　　　　　　　　　　United States District Judge

**Dated:** May 8th, 2017